### GEORGE K. BOUTELLE vs. THE CITY SAVINGS BANK.

A testator after devising certain realty in trust for the benefit of his daughter Mary during her life, continued:

"*Sixth.* On the termination of the life of my beloved daughter Mary K. I give and devise the said undivided one-half of my estate so held by William M. in trust unto the children left by my said daughter Mary of her body, or the descendants of such child or children if she leaves no child, but neither her children nor their descendants can come into possession of anything more than the income of this portion of my estate until they reach the age of twenty-one years, and if the heirs of her body shall fail before arriving at that age I give and devise all said undivided half of my estate so held in trust to my son William M. and his heirs forever."

*Held,* that William M. took an executory devise in fee contingent on the failure of the donees in remainder to arrive at the age of twenty-one years.

*Held,* further, that this executory devise was not void under the rule against perpetuities.

*Held,* further, that the rule in Shelley's case did not apply. Pub. Stat. R. I. cap. 182, § 2.

BILL IN EQUITY for specific performance. On motion of William M. Bailey for permission to intervene.

This case was before the court at a previous term. See 17 R. I. 781. Bailey's motion was filed December 9, 1892.

*February* 4, 1893. MATTESON, C. J. William M. Bailey moves for leave to intervene in the above entitled cause on the ground that he is interested in the property in suit, to the end that the final decree to be entered therein may be framed so as to protect his interest by providing for an investment within the jurisdiction of the court of the proceeds. of the property, when sold. His claim is that he has a contingent interest in fee, by way of an executory devise, in the property under the sixth clause of the will of Jane Keely.

The fifth and sixth clauses of this will are as follows:

"*Fifth*. On the termination of the life estate in my said husband and the payment of the legacy under section fourth, from the net income of my real estate and any personalty which may remain, I give and devise my entire estate, real and personal (if any) as follows: one undivided half thereof to my son William M. Bailey and to his heirs forever, and the other undivided half thereof to the same William M., for and during the life of my daughter Mary K. Boutelle; and this undivided half for the life of Mary, is upon the special trust following: that said William shall receive the rents and profits of the portion so held, and after paying therefrom an undivided half of the repairs necessary on said estate, taxes and necessary expenses, shall annually pay over the residue of such undivided half to my said daughter Mary, during her life for her use and benefit.

"*Sixth*. On the termination of the life of my beloved daughter Mary K. I give and devise the said undivided one-half of my estate so held by William M. in trust, unto the children left by my said daughter Mary of her body, or the descendants of such child or children, if she leaves no child,. but neither her children nor their descendants can come into possession of anything more than the income of this portion of my estate until they reach the age of twenty-one years, and if the heirs of her body shall fail before arriving at that

age, I give and devise all said undivided half of my estate so held in trust to my son William M. and his heirs forever."

The second clause of the will constituted George W. Keely, the husband of the testatrix, and the said William M. Bailey trustees of all her estate. By the death of George W. Keely, said Bailey became the sole trustee. In May, 1889, Bailey resigned the trust, and George K. Boutelle, the complainant, was appointed, by a decree of this court, trustee in his place.

The complainant contends that said Bailey has no interest in the property which entitles him to intervene in this suit because the limitation to him is within the rule against perpetuities, or, if not, that he has only a remainder after an equitable fee tail, which Mrs. Boutelle, now Mrs. Taylor, can absolutely bar by joining in a deed with the trustee and acknowledging it in open court as provided by Pub. Stat. R. I. cap. 172, § 3.

We do not think that the limitation is void because it transgresses the rule against perpetuities; for the contingency on which the limitation is to take effect must occur, if at all, within twenty-one years after the decease of Mrs. Taylor. That contingency is the failure of the heirs of her body before arriving at the age of twenty-one years. It is evident, we think, that the words "heirs of her body," though ordinarily technical words used to designate a whole line of descent, are here used by the testatrix merely for the purpose of describing the particular persons who under the prior limitations were to take the estate, and hence that they are synonymous with the words " children left by my said daughter Mary of her body, or the descendants of such child or children, if she leaves no child" in the earlier part of the clause. As such heirs of her body, in order to be entitled under the devise must be living at her death, their failure to arrive at the age of twenty-one years, if it occur, must necessarily be within that period after her decease.

Nor do we think that the effect of the devise in the fifth and sixth clauses of the will is to create an equitable estate in fee tail in Mrs. Taylor. This contention rests on the assumption that the rule in Shelley's case is applicable to these

devises.   This view cannot be maintained.   For the rule in Shelley's case to apply, the estate taken by the ancestor and that limited in remainder must both be of the same quality, legal or equitable, and the words used to designate the remainder men, if not the technical words "heirs of the body," must be such as to show that the testator contemplated them as comprehending his entire line of descent, or as a class of persons to take in unbroken succession from generation to generation.   In the devises before us, the trust created in the fifth clause is expressly limited "for and during the life of my daughter Mary K. Boutelle."   There is no trust expressly created in the sixth clause, and hence a trust, if trust there is, must arise by implication.   Is there any language in the sixth clause to raise such a trust?   The words "so held in trust" in that clause do not seem to have been employed for any other purpose than to describe or identify the property which is to pass under the dispositions of the clause.   The only other words from which a trust can be implied is the provision that "neither her children nor their descendants can come into possession of anything more than the income of this portion of my estate until they reach the age of twenty-one years."   But under this provision, even if it be sufficient to create a trust, the trust would continue only so long as necessary to accomplish the end that the testatrix had in view, to keep the children or their descendants from receiving anything more than the income until they should reach the age of twenty-one years.   The provision implies that on attaining their majority they are to have not merely the income, which they were to receive before, but are to come into full and absolute possession of the property.   The equitable estate, therefore, if it be an equitable estate, taken by the remainder men is for a limited period, not one to continue indefinitely as required to answer the rule in Shelley's case.   Again, the words employed by the testatrix to designate the remainder men are not the technical words "heirs of her body," but "the children left by my said daughter Mary of her body, or the descendants of such child or children if she leaves no child."   It is evident that the testatrix did not by this lan-

guage contemplate the remainder men as constituting an unbroken line of descent to take in succession from generation to generation, but that she intended in the first place that the children of Mrs. Boutelle, if she left children, should take the entire estate in fee, and only in case she left no child were the descendants of children to take at all; and that, in that event, the descendants of her children living at her death, should, in like manner, take the entire estate in fee.

But it is hardly worth while to discuss these matters, for Pub. Stat. R. I. cap. 182, § 2, has modified the rule in Shelley's case in its application to wills. It enacts that "a devise for life to any person and to the children or issue generally of such devisee, in fee simple, shall not vest a fee tail estate in the first devisee, but an estate for life only, and the remainder shall, on his decease, vest in his children or issue generally, agreeably to the direction of such will." Under this provision Mrs. Taylor took by the fifth clause of the will an equitable estate for life only, and the remainder to her children, or if she shall leave no child, to the descendants of such child or children, whether such remainder be legal or equitable, will pass to such children, child or descendants agreeably to the direction in the sixth clause of the will, instead of creating an equitable estate in fee tail in Mrs. Taylor.

We are of the opinion, therefore, that William M. Bailey has an interest in fee by way of executory devise in the property in suit, contingent on the failure of the remainder men designated in the sixth clause of the will to arrive at the age of twenty-one years; and, hence, that his motion for leave to intervene should be granted.

*George A. Jepherson*, for Bailey.

*Joseph C. Ely*, for complainant Boutelle.